**Cindy ACIERNO, Plaintiff–Appellant,**

v.

**TRAILSIDE TOWNHOME ASSOCIATION, INC., a Condominium Association, doing business in Colorado, and Hughs Management, a Homeowners Association, Defendants–Appellees.**

No. 92CA0787.

Colorado Court of Appeals,
Div. III.

April 22, 1993.

Rehearing Denied May 27, 1993.

Certiorari Granted Nov. 15, 1993.

Karen V. Hendrick, Denver, for plaintiff-appellant.

Marc Levy & Associates, P.C., Marc R. Levy, Stuart D. Morse, Michael T. Sabin, Englewood, for defendants-appellees.

Opinion by Judge NEY.

In this action to recover damages for personal injuries sustained in a diving accident, plaintiff, Cindy Acierno, appeals from the summary judgment entered in favor of defendants, Trailside Townhome Association, Inc., and Hughes Management Services, Inc. (Hughes). We reverse and remand for further proceedings.

During the period pertinent to this appeal, plaintiff owned a residence in the Trailside Townhomes complex. All of the residential owners in the complex were members of the Trailside Townhome Association, a non-profit corporation through which the members shared ownership in the common areas of the complex. The association retained Hughes to provide management services for the complex, and it contracted with Mountain Paradise Pools and Spas to maintain the complex's swimming pool.

In June 1990, plaintiff was injured when she dove from a kneeling position into the midpoint of the pool. Plaintiff subsequently commenced this action, claiming that the townhome association and Hughes were negligent in failing to maintain a proper water level and depth markings in the pool.

Defendants moved for summary judgment. In their motion, defendants asserted that the standard of care owed to plaintiff was dependent on whether she was considered a licensee, an invitee, or a trespasser under the premises liability statute, § 13–21–115, C.R.S. (1992 Cum.Supp.). Defendants argued that plaintiff met the definition of "licensee" set forth in § 13–21–115(5)(b), C.R.S. (1992 Cum.Supp.), and they therefore claimed that plaintiff was precluded from recovering for her injuries because they had no actual or constructive knowledge of any dangerous condition in the pool.

In response to this motion, plaintiff asserted, *inter alia*, that the actual knowledge standard did not apply because she was an invitee rather than a licensee; she thus argued that defendants had a duty under the premises liability statute to protect her against any dangers of which they should have known. Accordingly, plaintiff contended that summary judgment was not warranted because there was an issue of fact as to whether defendants should have known about the condition of the swimming pool at the time she suffered her injuries.

The trial court determined that plaintiff was a licensee under § 13–21–115 because "she was at the swimming pool for her own convenience or to advance her own interests pursuant to the landowner's permission or consent." The court noted that plaintiff had failed to controvert the affidavits submitted by defendants which established that they did not have actual knowledge of any dangerous condition in the pool. The court consequently concluded that defendants had not violated the statutorily-established standard of care, and it therefore entered summary judgment in their favor.

On appeal, plaintiff contends the trial court erred in concluding that at the time of the accident she was a licensee rather than an invitee. Defendants respond by

again arguing that plaintiff should be considered a licensee under the definition set forth in the premises liability statute. We disagree with both contentions.

■ The premises liability statute governs a landowner's liability in tort for damages sustained by trespassers, licensees, and invitees. By its terms, the statute applies only to civil actions "brought against a landowner by a person who alleges injury occurring while on *the real property of another.*" Section 13–21–115(2), C.R.S. (1987 Repl.Vol. 6A) (emphasis added). Hence, we conclude that the premises liability statute does not apply here because the plaintiff was a co-owner, along with all the other members of the Trailside Townhome Association, of the area where she sustained her injuries.

The unique status of members of a condominium association is aptly described in Annot., *Liability of Condominium Association or Corporation for Injury Allegedly Caused by Condition of Premises*, 45 A.L.R.3d 1171, 1172 (1972):

A condominium has been defined as a system of separate ownership of individual units in a multiple-unit building in which each purchaser, by deed, receives a fee simple in an apartment and an undivided interest in the common areas of the building. More particularly, a condominium project is generally considered a multiunit premises each of whose unit or apartment owner enjoys exclusive ownership of his individual unit or apartment, holding a fee simple title thereto *while retaining an undivided interest, as a tenant in common, in common facilities and areas of the building and grounds which are used by all the residents or members of the condominium.* (emphasis added)

This description of the nature and extent of condominium ownership is in accordance with the provisions of the Colorado Condominium Ownership Act, § 38–33–101, et seq., C.R.S. (1982 Repl.Vol. 16A). *See* § 38–33–102, C.R.S. (1982 Repl.Vol. 16A) ("condominium ownership of real property" consists of a separate estate in a unit together with common ownership of the common elements).

Since ownership of the common areas in a condominium complex is vested in the individual unit owners as tenants in common, it necessarily follows that plaintiff's injuries here cannot be said to have occurred while she was using "the property of another." Indeed, this distinction was acknowledged by defendants in their reply to plaintiff's opposition brief on the summary judgment motion:

The mere fact that the Plaintiff paid for a townhome which gave her the right to use the pool does not make the Plaintiff an invitee who was transacting business. In fact, the Plaintiff, in essence, is a part owner of the pool and could not logically be an invitee on property in which she could be considered a part owner.

Our conclusion that the premises liability statute does not apply to this case is reinforced by the definitions of "licensee" and "invitee" set forth in § 13–21–115(5), C.R.S. (1992 Cum.Supp.):

(b) "Licensee" means a person who enters or remains *on the land of another* for the licensee's own convenience or to advance his own interests, pursuant to the landowner's permission or consent. "Licensee" includes a social guest. (emphasis added)

(c) "Invitee" means a person who enters or remains *on the land of another* to transact business in which the parties are mutually interested or who enters or remains on such land in response to the landowner's express or implied representation that the public is requested, expected, or intended to enter or remain. (emphasis added)

■ As these definitions make clear, a person who is a licensee or an invitee is entitled to enter or remain on another person's land only by virtue of the landowner's permission or consent. These definitional categories find no logical application when the person's entitlement to use property arises from his or her ownership, or co-ownership, of that property.

In view of the foregoing, we conclude that the trial court applied an incorrect legal standard in resolving defendants' motion for summary judgment. Accordingly, the judgment entered in favor of defendants cannot stand.

We do not view this appeal as frivolous, and we therefore deny defendants' request for an award of attorney fees pursuant to C.A.R. 38(d).

The judgment is reversed, and the cause is remanded for reinstatement of plaintiff's complaint.

CRISWELL and ROTHENBERG, JJ., concur.